[Civil No. 168.  Filed July 1, 1887.]

[S. C. 14 Pac. 299.]

G. BEN HENEY, Plaintiff and Respondent, v. THE COUNTY OF PIMA, Defendant and Appellant.

1. COUNTIES—CHARGE AGAINST—NOTARY'S FEE FOR ACKNOWLEDGMENT TO TAX DEEDS NOT A PROPER CHARGE.—Under statute making it the duty of the tax collector to execute and acknowledge deeds to property unredeemed, and to deliver same to chairman of the board of supervisors without charge, a notary cannot recover from the county for services performed in taking such acknowledgments at the request of the tax collector.

2. STATUTES CITED—LAWS 1885, ACT No. 102, p. 290, § 3—COMP. LAWS 1877, p. 333, par. 2002, 2003.

APPEAL from a Judgment of the District Court of the First Judicial District, in and for the County of Pima. Reversed.

The facts are stated in the opinion.

F. H. Hereford, for ·Appellant.

John Haynes and Thomas Mitchell, for Respondent.

BARNES, J. In this action plaintiff sues for the notarial fees for acknowledgment of 206 deeds, at one dollar each. He alleges thatt he tax collector of Pima county requested him to take and certify the acknowledgment of said deeds. The provision of the laow under which the deeds were made is an amendment to the revenue laws, which provides that in sales of lands for taxes when the territory is the purchaser, and no person has redeemed the property during the time allowed for its redemption, the collector shall execute and acknowledge a deed to the territory, of such property, and deliver the same to the chairman of the board of supervisors without charge, and it shall be the duty of the county recorder, without fee, to record the same. Laws. Ariz. 1885, p. 290, § 3. The tax sales above provided for are to enforce the tax for territorial as well as for county purposes. Comp. Laws, c. 33 §§1, 2. The feessought to be recovered against the county were earned in services to the tax collector, and at his request. The county did not request it. There is no express contract to bind the county, nor is there an implied contract by the county to pay for these services. It is essential to a contract, either express or implied, that both parties assent to it. The service performed was not for the sole benefit of thec ounty. The territory was equally benefited by it. The obligation of the county does not arise by operation of law. The law requires the tax collector to execute these deeds, and without charge. He requested these services and they were rendered for him in his official capacity. The law does not authorize him to bind the county, or to impose any such expense on the county. The law expressly says he shall not do so. If the county was to be charged for these services by its proper officers, it

should have the opportunity of selecting who should perform the service. If the tax collector assume to do so without authority or direction from the county, or its proper officers, he must assume the responsibility. The clerk of the county clerk and the recorder of deeds were authorized by law to take and certify these acknowledgments, and all fees earned by them· are moneys of the county, as they are salaried officers. There is no reason why these officials should not perform this service; and if the tax collector passes them by, and requests the services of a notary public, he must pay him. It cannot be made a valid claim against the county.

The judgment is reversed, and the cause remanded for judgment for defendant.

WRIGHT, C. J. I concur in these views.